The People of Puerto Rico, Plaintiff and Appellee, *v.*
José Cases, Defendant and Appellant.

No. 9545. Argued January 22, 1943.—Decided February 11; 1943.

*Dubón & Ochoteco,* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The District Atorney of San Juan filed three informations against José Cases, one for murder, another for having in his possession an unregistered firearm, and a third for carrying a prohibited weapon.

The case for murder went to trial, and after the evidence was introduced at the session of December 9, 1941, the following took place:

"Mr. Díaz Collazo: If it please the Court, in the case of the People of Puerto Rico against José Cases, for the offense of carrying weapons, the district attorney and the defense have spitulated to submit the same on the evidence together with the stenographic record of the evidence for the prosecution in the case of *The People* v. *José Cases* for murder and the evidence for the defense, excluding from those proceedings the incidents in connection with the constitution of the jury and the instructions of your Honor. In the case of The People of Puerto Rico against José Cases, for an alleged violation of the Act which regulates the registration of firearms, we have stipulated to submit the case on the same evidence of the murder case against José Cases, and the defense admits that the revolver introduced in evidence in the murder case is not registered in the name of José Cases nor has it ever been registered in the name of José Cases. And the cases thus submitted, we pray the court to grant us a simultaneous term of five days to file any memorandum which the parties may deem advisable in support of their respective allegations.

"District Attorney Aponte: We have no objection to accepting that stipulation, but as to the registration of the weapon, we want it to be entered in the record that the weapon is not registered in the Book of Records of Registration of Firearms of the Municipality of Río Piedras, where the defendant resides.

"Mr. Díaz Collazo: That the revolver is not registered where it should be.

"District Attorney Gallardo: And that the defendant waives the term to pronounce judgment.

"Mr. Díaz Collazo: The case is not submitted by this party. The case shall be submitted when the memoranda are filed, it is then that the case will be submitted.

"The court: Does the defense pray for a term of five days to submit the case by brief?

"Mr. Díaz Collazo: Yes.

"The court: That is tantamount to a waiver of the term to pronounce judgment. Now, after the case has been submitted, does the defense waive the term to pronounce judgment?

"Mr. Díaz Collazo: After the cases are submitted, we have no objection to the court taking the necessary time to pronounce judgment and we have no objection to waive the statutory term for pronouncing judgment.

"The court: The defendant will be summoned at the time of rendering judgment."

In the murder case the jury brought in a verdict of not guilty. The cases for not registering the firearm and for carrying a weapon were decided as follows:

"On December 16, 1941, the defendant was summoned to appear at the rendering of the judgment by the court, the defendant José Cases appearing represented by Attorney Díaz Collazo and the court at the moment of rendering judgment made the following statement:

"The court does not see the need to examine the record of this case for it has the evidence fresh in its mind. It realizes, by the different steps taken by the defendant, that the defendant wants to delay the decision of these cases and there is no reason why the court should cooperate any further with such attempts. It is true that the decision of this case is a difficult one, and for that reason I do not agree with the opinion of those who have criticized the jury that had to decide the other case based on the same facts on which the two misdemeanors now pending before this court have been submitted. It is difficult, because from the evidence it appears that the defendant is a criminal, a gangster, a racketeer. This is clear and it renders the case difficult. The defendant being what he is, the best thing for society is that the defendant should be kept in jail or in the penitentiary. This is what should be done. Now, the end does not justify the means. And if the offense charged against the defendant is not proved, even though the most convenient thing would be to put the defendant in jail or in the penitentiary, the courts should never disregard that rule, so essential in a democracy, that the end does not justify the means. For that reason I realize that the decision of this case is difficult because we have this rule, we have this principle which we must uphold, that the end does not justify the means, and on the other hand, we have a worse danger, that in order to comply with said rule, we might commit the opposite error of favoring the defendant too much under the erroneous belief that precisely because he is a racketeer and a gangster we should put it out of our mind to the extent of forgetting the kind of case that is before us and that we would not be able to weigh the evidence as we should. The proper thing is that defendant should not be convicted because he is a racketeer or a gangster, but it is not proper that we should forget the environment where the defendant lives, the environment where the witnesses for the prosecution live, and the environment where the witnesses for the defense live, who have come to prove his alibi and who have tried to discredit

some of the witnesses for the prosecution. And I say that the case has been difficult for the reasons above set forth. If it were an ordinary case it would not be so difficult. It is a simple case. In the evidence for the prosecution—which by the way is not the best evidence—we have the testimony of persons as criminal as the accused and even worse. Now, the evidence for the defense is false and fabricated. Under normal circumstance it is very easy to choose between these two kinds of evidence. When the district attorney brings a case of exconvicts, of prisoners, although not the best case in the world, if the defense brings fabricated evidence to prove that those convicts have lied, the decision is an easy one. And in this case the decision would have been easy and if it has not proved easy, it has been exclusively because of the predilection of the trial judge, not to punish a man for an offense unless the evidence is sufficient, and because of the prejudice that too much weight should not be given to the environment where the defendant lives and·has gone into business and has his business.

"In case No. 17230, relating to the registry of firearms, the court finds the defendant guilty. In case No. 17231, relating to the carrying of weapons, the court finds the defendant guilty. In case No. 17230, ·relating to the registry of firearms the defendant is sentenced to two years in jail. In case No. 17231, relating to the carrying of weapons, the court sentences the defendant to serve six months in jail.

"I want it to clearly appear from the record the manner in which these sentences were pronounced, in order that it should be clear that the sentences are consecutive and not concurrent."

Feeling aggrieved, the defendant appealed from both judgments of conviction in one appeal.

He prays for the reversal of said judgments and in the event of a denial thereof, for the modification of one of them. The trial judge is charged with having committed manifest error in weighing the evidence and manifest error in not deciding in favor of the defendant the doubt arising from the evidence.

We have examined the evidence and disregarding the circumstantial evidence, there exists direct proof that the unregistered revolver introduced at the trial was the

same one which was carried by the defendant, José Cases, and the one with which he killed Guillermo Carreras, his partner in clandestine businesses on the night of September 21, 1941, within the judicial district of San Juan. The testimony of José Sierra is conclusive as to this particular. It all depends on whether or not it is worthy of credit. The trial court believes it and, in spite of all his efforts in his lengthy and elaborate brief, the appellant has not convinced us that the district court was not correct in its conclusion.

From the statements of the trial judge, it does not appear that he had any reasonable and well-grounded doubt of the guilt of the defendant nor do the attendant circumstances give rise, as a necessary consequence, to the existence of such doubt. What transpires from those statements is the reaction of an honest mind which realizes the serious responsibility which it has assumed.

The judge did not mean to openly accuse the jury which brought in the verdict of "not guilty" in the murder case, on the contrary, his statement tended to explain its conduct which he did not follow because his conviction of the guilt of the defendant was different. In the cases of the unregistered weapon and the carrying thereof he has full responsibility, that of weighing the facts and the construction of the law, and he had to assume this responsibility independently, by himself, reaching his conclusions by virtue of his own appreciation of the case. And that was exactly what he did, going to the bottom of the matter, to reach the truth without being influenced by the condition of the defendant and of the witnesses.

He knew that witness Sierra, whose testimony he had to believe in order to convict the defendant, was also a criminal, but criminals might tell the truth and they may and should be believed on certain occasions. That is common to human nature. It is true that their testimony should be examined with caution, but in view of the circumstances surrounding

this case none of them compelled the trial judge to conclude that the testimony of Sierra could not be believed.

 Therefore, the errors assigned were not committed. As to the reduction of the penalty imposed in the case of registering firearms, the same lies.

When the defendant was convicted §10 of Act No. 14 of July 8, 1936 (Spec. Sess. Laws, p. 128), was in force, as follows:

"The violation of the provisions of this Act shall be considered as a misdemeanor, and the person declared guilty thereof shall be punished by imprisonment in jail for not less than six (6) months nor more than two (2) years, except when the violations relates to the purchase or sale of contraband firearms, which shall be punished as provided in Section 6 hereof."

And the trial court imposed on the defendant the maximum penalty, that is, two years.

Later the above-copied section was amended by Act No. 78 of May 5, 1942, as follows:

"Section 10.—The violation of the provisions of this Act shall be considered as a misdemeanor, and the person declared guilty thereof shall be punished for the first violation, by a fine of not less than fifty (50) dollars or by imprisonment in jail for not less than one (1) month nor more than six (6) months, or by both penalties, in the discretion of the court; for the second and subsequent violations, by imprisonment in jail for not less than six (6) months nor more than two (2) years, except when the violation relates to the purchase or sale of contraband firearms, which shall be punished as provided in Section 6 hereof."

And according to the applicable decisions the defendant is entitled to the benefit of such amendment.

This court itself, when referring to another amendment of the same Act No. 14 of 1936, in the case of *People* v. *Pérez*, 58 P.R.R. 161, stated:

"Victoriano Pérez was convicted of having in his possession a firearm without having recorded the said possession, all in violation of Act No. 14 of 1936. He appealed. During the pendency of his

appeal the Legislature passed Act No. 95 of March 12, 1937. This Act changed substantially some of the provisions of the earlier act and fixed a new period from the date of the Act for the recording of firearms. The appellant maintains that the earlier act was entirely repealed by the later one and that, as under the later act the time for recording was extended, the appellant, even on appeal, is entitled to the benefit of the extended period. This is the ordinary rule.''

And recently in the case of *People* v. *Otero*, 61 P.R.R. 33, it was held, copying from the syllabus, as follows:

''The minimum penalty under Act No. 14 of 1936 (Spec. Sess. Laws, p. 128) has been converted into the maximum penalty under amendatory Act No. 78 of 1942 (Laws of 1942, p. 614) and under the circumstances of the case and in the exercise of its discretion, this court modifies the judgment in the sense that it imposes upon appellant the minimum penalty provided by the Act of 1942, thereby giving appellant the benefit of the amendatory statute.''

Therefore the penalty will be reduced to six months imprisonment in jail, which is the maximum according to the amendment. And as thus modified, both judgments appealed from will be affirmed.

Mr. Justice Snyder did not participate herein.